| | |
|---|---|
| 1 | Peter Strojnik, |
| 2 | 2375 East Camelback Road Suite 600 |
|   | Phoenix, Arizona 85016 |
| 3 | Telephone: (602) 524-6602 |
|   | ps@strojnik.com |
| 4 | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| Peter Strojnik, | Case No: 6:19-cv-00041-MK |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | 1. **Americans with Disabilities Act** |
| VIP'S Hotels, Inc dba The Grand Hotel | 2. **Discrimination in Public Accommodations (State Law)** |
| Defendant. | 3. **Negligence** |
| | **JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Oregon revised statutes, §§ 659A103 *et seq* ("ORS") and (3) common law of negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and ORS.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and ORS.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain

12717

and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 201 Liberty Street SE, Salem, Oregon which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and ORS which offers public lodging services *See* 28 CFR §36.104 and a listing of public accommodations in 42 U.S.C. §12181(7) and ORS.

## JURISDICTION

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C. §12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia*, Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or ORS compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the Hotel.

2

## COUNT ONE

Violation of Plaintiff's Civil Rights under the ADA

13. Plaintiff realleges all allegations heretofore set forth.
14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.
15. Plaintiff intended to vacation in Oregon and therefore, reviewed vacation booking websites as documented in Addendum A.
16. Air booking websites took Plaintiff to third party hotel booking websites as documented in Addendum A.
17. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.
18. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.
19. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.
20. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.
21. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

22. Because third and first party booking agents failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs Plaintiff declined to book a room there and because Plaintiff was unable to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms, Plaintiff declined to book a room there.
23. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.
24. Online information relating to accessibility or lack thereof disclosed Defendant's non-compliance with architectural barriers to accessibility as more fully documented in Addendum A.
25. Plaintiff visited the hotel on or about October 27, 2018 and noted additional ADA violations as more fully disclosed in Addendum A.
26. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.
27. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.
28. The removal of accessibility barriers listed above is readily achievable.
29. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:
    A. Relief described in 42 U.S.C. §2000a – 3; and
    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -
    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
### (Violation of ORS §§659.103 *et seq*)

30. Plaintiff realleges all allegations heretofore set forth.

31. Defendant has violated Oregon law by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and in Addendum A.

32. Plaintiff has been injured by the unlawful discriminatory practices alleged in this Complaint.

33. Pursuant to ORS, including §§ 659A.885, Plaintiff is entitled to -

    a. injunctive and other equitable relief; and

    b. damages sustained in the amount of $200; and

    c. punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of the statute; and

   d. A permanent injunction which directs Defendant to take all steps necessary to bring its Hotel into full compliance with the requirements set forth in ORS, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Statutes to ensure that Defendant has adopted and is following

an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

e. Damages in the amount of $200.00 per violation; and

f. Punitive damages in an amount to be proven at trial; and

g. The payment of costs of suit; and

h. Order closure of the Defendant's Hotel until Defendant has fully complied with the ADA and ORS; and

i. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
### Negligence

34. Plaintiff realleges all allegations heretofore set forth.

35. Defendant had a duty to Plaintiff to remove ADA and ORS accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the Hotel.

36. Defendant breached this duty.

37. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

38. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

39. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

40. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

41. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

42. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his

civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

43. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

44. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and/or belief.

RESPECTFULLY SUBMITTED this 7th day of January, 2019.

                                          **PETER STROJNIK**

                                          Plaintiff

7